884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FAYETTEVILLE, CUMBERLAND COUNTY BLACK DEMOCRATIC CAUCUS,
Plaintiff-Appellant,
and
Robert A. EDWARDS, Clinton Harris, Theodore James Kinney, on
behalf of themselves and all others similarly
situated, Plaintiffs,
v.
CUMBERLAND COUNTY, NORTH CAROLINA, the Cumberland County
Board of County Commissioners, Johnnie Evans, J.Mcn. Gillis,
Robert C. Lewis, Jr., Mary E. McAllister, Virginia Thompson
Oliver, as members of the Cumberland County Board of County
Commissioners, their successors and agents, the Cumberland
County Board of Elections, Rosalind Hutchens, Louis A.
Waple, as members of the Cumberland County Board of
Elections, their successors and agents, Ann Barbour, in her
capacity as Supervisor of the Cumberland County Board of
Elections, Defendants-Appellees.
 No. 88-3664.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1989.
Decided Aug. 17, 1989.
 
 Clifford Leon Lee, II (Barton and Lee on brief) for appellant.
 Gonzalez Barrington Johnson, County Attorney for appellee.
 Before ERVIN and CHAPMAN, Circuit Judges, and JOSEPH F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal by the Fayetteville, Cumberland County Black Democratic Caucus, Robert A. Edwards, Clinton Harris, and Theodore J. Kinney (the Caucus), from the district court's denial of the Caucus' motion for a preliminary injunction. Because we find no abuse of discretion by the district court, we affirm.
 
 
 2
 The Caucus filed this suit against the defendants (the County) under Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. Sec. 1973 (as amended), challenging the method utilized by the County to elect County Commissioners. The original complaint was filed on March 2, 1988. In this complaint, the Caucus did not seek injunctive relief but, instead, sought declaratory relief holding the County's system unconstitutional.
 
 
 3
 On May 3, the County conducted primary elections for the office of County Commissioner. Run-off elections were held on May 31. These preliminary elections were held in anticipation of the scheduled November 8 general election.
 
 
 4
 On September 19 the Caucus filed an amended complaint. In this complaint the Caucus sought, for the first time, to enjoin the County's general election. The Caucus did not request a hearing on its motion for a preliminary injunction until October 24, which was only two weeks prior to the general election. The district judge directed the Honorable Wallace W. Dixon, United States Magistrate, to conduct an evidentiary hearing on this motion.
 
 
 5
 Following the hearing, the magistrate filed a memorandum and recommendation to the court in which he recommended that the Caucus' motion be denied. On November 7, the district judge accepted the magistrate's recommendation and denied the motion. The general election was then held as scheduled. The court's refusal to enjoin this election is the sole issue raised in this appeal.
 
 
 6
 A preliminary injunction is a drastic remedy, Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir.1986), which serves to maintain the status quo ante litem. Feller v. Brock, 802 F.2d 722, 727 (4th Cir.1986). The decision to grant or deny a preliminary injunction rests within the sound discretion of the district court, and that decision will not be disturbed on appeal absent a showing that the district court committed an abuse of its discretion. Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel, 872 F.2d 75, 78 (4th Cir.1989). The district court abuses its discretion if it applies an incorrect preliminary injunction standard, bases its decision on a clearly erroneous finding of a material fact, or misapprehends the law with respect to underlying issues in the litigation. Id.
 
 
 7
 This court, recognizing the drastic nature of injunctive relief, has adopted the "balance of hardship" test. South Carolina Dept. of Wildlife and Marine Resources v. Marsh, 866 F.2d 97, 99 (4th Cir.1989). Under this test the district court must consider (1) the plaintiff's likelihood of success on the merits of the underlying dispute, (2) whether the plaintiff will be irreparably harmed if injunctive relief is denied, (3) the harm to the defendant if the injunction is issued, and (4) the public interest. Id. The district court must weigh each of these factors. Quince Orchard, 872 F.2d at 79. " 'If the likelihood of success is great, the need for showing the probability of irreparable harm is less. Conversely, if the likelihood of success is remote, there must be a strong showing of the probability of irreparable injury to justify issuance of the injunction.' " Id. (quoting North Carolina State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir.1979)). Finally, the district court must balance the potential harm to the plaintiff if the injunction is denied against the potential harm to the defendant if the injunction is granted. In so doing, the district court must also be cognizant of the effect of the decision on the broader concerns of public interest. Quince Orchard, 872 F.2d at 79.
 
 
 8
 The district court properly applied these principles in denying the Caucus' motion for injunctive relief. The district court initially found that the Caucus failed to demonstrate a likelihood of success on the merits of its claim. The district court noted that the evidence presented by the Caucus failed to approach the proof ultimately required for the Caucus to succeed. See Thornburg v. Gingles, 478 U.S. 30 (1986) (standard of proof in Sec. 2 cases). The district court considered both the testimony of the Caucus' two witnesses and the documents submitted by the Caucus and found that the Caucus had not established a likelihood of success on the merits. This court finds no abuse of discretion in this regard.
 
 
 9
 The district court next examined the hardship each party would suffer and found that the balance favored the County. The district court considered the timing of the motion in relation to the course of the litigation and the election process and concluded that the disruptive effect of the injunction on the County was sufficiently harmful to justify withholding equitable relief. This conclusion is well supported by the record. Moreover, although the Caucus maintains the district court erred by considering the timing of the motion, the timing of a motion to enjoin an upcoming election is a factor which may properly be considered. See, e.g., Reynolds v. Sims, 377 U.S. 533, 585 (1964) ("where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief"); Banks v. Board of Educ. of the City of Peoria, School Dist. No. 150, 659 F.Supp. 394 (C.D.Ill.1987) (holding motion to enjoin upcoming election inappropriate based on untimeliness); Dodson v. Mayor and City Council of Baltimore City, 330 F.Supp. 1290 (D.Md.1971) (same). Cf. Simkins v. Gressette, 631 F.2d 287 (4th Cir.1980) (disruptive effects of upcoming election caused by plaintiffs' delay rendered equitable relief inappropriate). Therefore, the district court's finding was clearly proper.
 
 
 10
 Finally, the district court concluded that the public interest weighed in favor of denying the injunction. The district court noted the fact that the election was only two weeks away and approximately 2,600 absentee ballots had already been cast. Clearly, the district court committed no abuse of discretion in this finding.
 
 
 11
 The Caucus argues that the district court erred in considering the harm the candidates would suffer if the injunction was granted. The Caucus reasons that a motion for a preliminary injunction requires the court to consider only the harm to the defendants in the litigation, and not the harm to third parties. We disagree. In cases where equitable relief has been sought to prevent an election, courts have routinely taken into account the interests of the candidates. See, e.g., Maryland Citizens For a Representative Gen. Assembly v. Governor of Md., 429 F.2d 606, 610 (4th Cir.1970); Banks, 659 F.Supp. at 398; Dobson, 330 F.Supp. at 1301. Thus, the district court's consideration of this harm was not an abuse of discretion. Moreover, as a practical matter, the equities would still favor a denial of the injunction regardless of whether the harm to the candidates is considered. Therefore, this argument is without merit.
 
 
 12
 In short, the district court properly applied the balance of hardship test. Its decision to deny the injunction clearly was not an abuse of discretion. Therefore, the Order of the district court is
 
 
 13
 AFFIRMED.